**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

Submitted April 11, 2005
Decided April 15, 2005

Before

**Hon.** FRANK H. EASTERBROOK, Circuit Judge

**Hon.** ILANA DIAMOND ROVNER, Circuit Judge

**Hon.** DIANE P. WOOD, Circuit Judge

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff-Appellee*, | | Appeal from the United States<br>District Court for the Northern<br>District of Illinois, Eastern<br>Division. |
| **No.**    04-4191    **v.** | | |
| JOHN WALTERS,<br>    *Defendant-Appellant*. | | No. 99 CR 135<br>George W. Lindberg, *Judge*. |

## Order

John Walters, who is serving a term of supervised release on a 1999 conviction for fraud, asked the district court for early termination of his supervision. See 18 U.S.C. §3583(e)(1). Such motions are committed to the district court's discretion, and this motion was denied because, although Walters has not been convicted of any intervening offense or violated the terms of supervision, he has failed to pay restitution imposed as part of the federal sentence for a 1997 fraud conviction.

Walters contends on appeal that the district judge "lacks jurisdiction" to consider his failure to make restitution, but this misunderstands the source of jurisdiction. This is a federal criminal prosecution, and the whole proceeding is within the jurisdiction of the federal judiciary. 18 U.S.C. §3231. Walters wants early termination of supervision; Congress has granted judges

authority to adjudicate that request. Jurisdiction is secure. The only question is whether nonpayment of restitution is a permissible reason for denying the motion.

Refusal to pay restitution suggests that Walters remains in need of supervision. He apparently sees the expiration of supervised release from his 1997 fraud conviction as a privilege to ignore the rest of the 1997 judgment. That serious misunderstanding of the effect of a judgment, and Walters's evident disdain for his legal obligations (not to mention his criminal recidivism), makes it prudent for the district court to continue his supervised release for the five-year period provided by law for his second fraud conviction.

Affirmed